IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EDWARD ELIOT KRAMER,<br><br>                Plaintiff,<br><br>v.<br><br>R.L. CONWAY, Gwinnett County Sheriff; and DON PINKARD, Colonel, Gwinnett County Adult Detention Center,<br><br>                Defendants. | 1:13-cv-1214-WSD |

## OPINION AND ORDER

This matter is before the Court on Edward Eliot Kramer's ("Plaintiff") Motion for Reconsideration to Alter or Amend Judgment [43], Plaintiff's Motion to Seal Exhibits X and O to his motion for reconsideration[1] [44], Plaintiff's Motion for Law Library Use [53], and Plaintiff's letter to the Clerk that is construed as a Motion for Additional Access to the Law Library [47].

---

[1]    Exhibits X and O consist largely of Plaintiff's medical records. (Ex. X [43-4, 43-5]; Ex. O [43-7].) Plaintiff has shown good cause to seal those exhibits.

## I. BACKGROUND

Plaintiff has been a pre-trial detainee at the Gwinnett County Jail (the "Jail") since January 2013. On April 15, 2013, Plaintiff, through his retained counsel, filed his verified complaint in this action. (Compl. [1].)[2]

Plaintiff, proceeding under 42 U.S.C. § 1983, alleged that certain conditions of his confinement at the Jail violate his right to practice his Orthodox Jewish faith and that Defendants failed to accommodate certain of his physical disabilities. (Compl. [1]; Am. Compl. [8].) Plaintiff sought a declaration that his rights under federal law had been violated. (Id.)

On April 17, 2013, Plaintiff filed his Motion for a Preliminary and Permanent Injunction (the "Injunction Motion"). (Mot. [2].) Plaintiff sought to prevent Defendants from continuing to violate his claimed rights under federal law. He also sought an order allowing Plaintiff to possess, in his cell, certain religious and legal materials and he requested greater access to a typewriter, including in his cell. (Id. at 6-7.)

On August 13, 2013, the Court conducted a hearing on the Injunction Motion. The parties agreed that the hearing would be on Plaintiff's request for

---

[2] Plaintiff filed an amended complaint on April 23, 2013. (Am. Compl. [8].) The amendment added allegations that Plaintiff was denied certain legal books at the Jail. (Id.)

preliminary injunctive relief and that the hearing also would constitute a trial on the merits regarding his request for permanent injunctive relief.  Four witnesses, including Plaintiff, testified at the hearing, and various exhibits were introduced and admitted by the Court.  (Tr. [38] at 2.)  Plaintiff was represented at the hearing by his retained counsel and he participated in the hearing by telephone.  Plaintiff participated in the hearing by telephone pursuant to the Court's August 9, 2013, Order denying Plaintiff's motion that he be physically produced at the hearing (the "August 9th Order").  (August 9th Order [28].)  For the reasons set forth in the August 9th Order, the Court found that Plaintiff's physical appearance at the hearing was not required or appropriate in light of Plaintiff's asserted serious medical conditions, his risk to others, the cost required to transport and safeguard him, and his statement that participation by telephone was an acceptable alternative to attendance.  (Id. at 2-3.)

On August 23, 2013, the Court denied Plaintiff's Injunction Motion and directed that judgment be entered for Defendants on Plaintiff's claims.  (Order [35] (the "Final Order").)  Judgment was entered on August 23, 2013 (the "Judgment"). (J. [36].)

After the Judgment was entered, Plaintiff's counsel moved to withdraw from his representation of Plaintiff.  (Mot. [37].)  The Court granted the motion to

withdraw.  (Order [45].)  On September 3, 2013, Plaintiff, now proceeding *pro se*, filed his notice of appeal.  (Notice [40].)

On September 12, 2013, Plaintiff filed his Motion for Reconsideration to Alter or Amend Judgment in which he challenges the Final Order and Judgment (the "Reconsideration Motion").  (Mot. [43].)  Plaintiff moves for relief under Federal Rule of Civil Procedure 59(e).  Plaintiff contends, in his Reconsideration Motion, that the Court committed "a significant number of errors in material facts" in its Final Order.  (Mot. [43] at 5.)  Plaintiff also challenges the Court's ruling preventing him from physically appearing at the hearing and the Court's denial of his motion to file a second amended complaint.  (Id. at 5-6, 9-11, 20, 59-72.)  Finally, he complains about his retained counsel's representation of him in this matter.  (Id.)  The Reconsideration Motion contains, among other things, "A History of Judicial Disability Discrimination," including a discussion of the administration of disability claims under the Americans with Disabilities Act ("ADA"); a section on "The Jewish Faith"; and complaints regarding the processing of Plaintiff's state criminal case, including criticism of the Gwinnett County District Attorney's processing of this matter.[3]  (Id. at 6-19, 25-40, 72-76.)

---

[3]   Plaintiff's Reconsideration Motion consists of eighty (80) handwritten pages, including a table of contents, list of exhibits, and certificates of truthfulness and service.  (Mot. [43].)  The Court's Local Rules limit motions and briefs to

On September 17 and 25, 2013, Plaintiff filed new motions demanding that Jail officials be ordered to allow Plaintiff more time in the law library and to allow him to make "sufficient" copies of legal documents. (Mot. [47]; Mot. [53] (the "Additional Motions").) Defendants oppose the Reconsideration Motion and the Additional Motions.[4] (Responses [48, 55].)

## II.  STANDARD FOR RECONSIDERATION

"The Court does not reconsider its orders as a matter of routine practice." Belmont Holdings Corp. v. SunTrust Banks, Inc., 896 F. Supp. 2d 1210, 1223 (N.D. Ga. 2012); see LR 7.2E, NDGa.  Motions for reconsideration are left to the sound discretion of the district court and are to be decided "as justice requires." Region 8 Forest Serv. Timber Purchasers Council v. Alcock, 993 F.2d 800, 806 (11th Cir. 1993); Cobell v. Norton, 355 F. Supp. 2d 531, 539 (D.D.C. 2005) ("asking 'what justice requires' amounts to determining, within the Court's

---

twenty-five (25) pages absent prior permission of the Court. LR 7.1D, NDGa. "The court, in its discretion, may decline to consider any motion or brief that fails to conform to the requirements of these rules." Id. LR 7.1F.  Plaintiff did not seek permission to exceed the twenty-five page limit. In deference to Plaintiff's *pro se* status, the Court reviewed and considered the entirety of Plaintiff's submission. The Court admonishes Plaintiff in the future to comply with the Court's limitations on filings.

[4]   Plaintiff's appeal pending in the United States Court of Appeals for the Eleventh Circuit divests the Court of jurisdiction to grant the Reconsideration Motion. The Court may deny the motion, defer consideration of it, state that the Court would grant it if remanded for that purpose, or state that it raises a substantial issue. Fed. R. Civ. P. 62.1(a).

discretion, whether reconsideration is necessary under the relevant circumstances"); United States ex rel. Corsello v. Lincare, Inc., No. 1:98-CV-0204-ODE, 2003 WL 25714876, at *6 (N.D. Ga. June 2, 2003).

Motions for reconsideration are generally appropriate only where there is: (1) newly discovered evidence that could not have been discovered earlier with diligence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.  See Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999); Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), aff'd, 87 F.3d 1242 (11th Cir. 1996).  A motion for reconsideration should not be used to present the Court with arguments already heard and dismissed, or to offer new legal theories or evidence that could have been presented earlier.  Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003); see also Pres. Endangered Areas, 916 F. Supp. at 1560 ("A motion for reconsideration is not an opportunity for the moving party and their counsel to instruct the court on how the court 'could have done it better' the first time.").

## III.   DISCUSSION

After the Final Order was entered, there was not any change in controlling law or the discovery of evidence not previously available to Plaintiff that affects

the Court's analysis, or decision reached, in the Final Order.  Plaintiff also cannot show any clear error of law or fact in the Final Order entered by the Court.  Plaintiff generally rehashes arguments he raised previously, and the Court denies the Reconsideration Motion with respect to the issues addressed and decided in the Final Order.

Plaintiff also raises arguments he did not present before.  First, Plaintiff complains about the performance of the lawyer he retained to represent him in this case, including the lawyer's failure to present evidence.  This is an insufficient basis to support reconsideration of the Final Order and Judgment.  Plaintiff was not entitled to effective, or even competent assistance of, counsel in this case.  See United States v. Rogers, 534 F.2d 1134, 1135 (5th Cir. 1976).[5]  "Simply stated . . . there is no constitutional or statutory right to effective assistance of counsel on a civil case." Mekdeci ex rel. Mekdeci v. Merrell Nat'l Labs., 711 F.2d 1510, 1522 (11th Cir. 1983) (quotation marks omitted).  A litigant who selects counsel generally cannot later complain about his counsel's acts or omissions.  See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 396-97 (1993) (holding that in a system of representative litigation in which lawyers act as their

---

[5]   In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the Former Fifth Circuit issued before the close of business on September 30, 1981.

clients' agent, clients are "held accountable for the acts and omissions of their chosen counsel").[6]

Alleged inadequate representation by Plaintiff's former counsel is not a basis to alter or amend the Judgment.  See id. ("[T]he attorneys' conduct is not a ground for reversing the judgment . . . ."); Watson v. Moss, 619 F.2d 775, 776 (8th Cir. 1980) (alleged ineffective assistance of appointed counsel in a civil case is not a basis for new trial); Fitzgerald v. Busby, No. 3:09CV00065-SWW, 2011 WL 219818, at *1 (E.D. Ark. Jan. 24, 2011) (denying *pro se* plaintiff's motion for reconsideration of judgment entered in Section 1983 case in which plaintiff argued that his lawyer was inadequate and failed to call witnesses at the evidentiary hearing in the case).[7]

Plaintiff next complains about the Court's ruling denying his request to personally appear at the August 13, 2013, hearing.  The Court notes that although Plaintiff included a general hearing request in one addendum section of his complaint filed on April 15, 2013, and at the conclusion of the Injunction Motion filed on April 17, 2013, he did not request a temporary restraining order and did

---

[6]   "A party . . . does not have any right to a new trial in a civil suit because of inadequate counsel, but [instead] has as . . . [a] remedy a suit against . . . [an] attorney for malpractice."  Mekdeci, 711 F.2d at 1523.

[7]   Having reviewed all of retained counsel's submissions and observed his performance at the August 13, 2013, hearing, the Court finds that counsel effectively represented Plaintiff in this action.

not otherwise request the Court to set a hearing. Plaintiff also did not ask for expedited discovery or other accelerated processing of the case. On August 7, 2013, during a conference call with the Magistrate Judge assigned to this case to discuss the possibility of narrowing the issues in the litigation, the parties could not agree on any narrowing of the issues and because additional discovery was not needed, counsel for Plaintiff asked that a hearing on Plaintiff's Injunction Motion be scheduled as soon as possible. A hearing was scheduled for August 9, 2013, at 10:00 a.m.

Later on August 7, 2013, Plaintiff filed his Motion to Reschedule Hearing and Motion for Production of Plaintiff. (Mot. [24].) The hearing was requested to be rescheduled to accommodate Plaintiff's counsel's out-of-town travel. (Id.) Plaintiff requested the hearing be set during the week of August 12, 2013. (Id.) Plaintiff also requested the Court to order that Plaintiff be produced for the hearing so that Plaintiff could testify at the hearing. (Id.) The hearing was rescheduled for August 13, 2013. (Order [27].)

The Court, for the reasons set out in the August 9th Order, denied Plaintiff's request for production, but arranged for Plaintiff to participate in, and testify at, the hearing by telephone. (August 9th Order [28].) The decision not to require that arrangements be made for Plaintiff to attend the hearing does not provide a basis

9

upon which to alter or amend the Judgment.  Plaintiff was not prejudiced by appearing and testifying by phone, and the decision to allow his appearance by phone was discussed in detail in the August 9th Order.  Plaintiff did not suffer any prejudice in the manner in which he was allowed to participate, and the Court notes that Plaintiff, during the course of his extended testimony, did not assert that his testimony was impeded by his telephone appearance and on at least two occasions Plaintiff expressed his gratitude for the hearing and his personal participation in it.  (Tr. [38] at 3, 148.)  Plaintiff's counsel was present at the hearing and actively represented Plaintiff at it.

     Plaintiff next contends that the Court misconstrued Plaintiff's ADA claim as one seeking a typewriter in his cell, when he only wanted greater access to a typewriter at the Jail generally.  (Mot. [43] at 11-12.)  This revisionist claim is inconsistent with Plaintiff's agreement at the start of the August 13, 2013, hearing.  At the beginning of the August 13, 2013, hearing the Court stated its understanding of Plaintiff's claim regarding access to a typewriter.  The Court stated that Plaintiff claimed that "he was denied a typewriter for his use in his cell" and "[h]is claim for denial of the typewriter for use in his cell appears to be based upon a violation of the [ADA]."  (Tr. [38] at 4-5.)  Plaintiff's counsel agreed: "[t]hat's correct, Your Honor."  (Id. at 5.)  Plaintiff did not suggest that access to a typewriter other than

in Plaintiff's cell was an issue in the case.  (Id. at 5.)  Plaintiff also testified:

> Q. Now, have you – have you requested use of a typewriter?
> A. I have requested use of a typewriter in my cell that I can simply touch type . . . . So there are times when I need to use it [the typewriter] and I can't because of the fact that it's not available to me at a time that is convenient for them [Jail officials].
> . . . .
> Q. Would it help you if you were allowed to use a typewriter in your cell?
> A. It would alleviate a huge amount of pain, a huge amount of stress on my neck, and it would probably quell the inf[lammation] and the bruising on my hand that presently results.

(Id. at 54-57.)  The Court did not recast Plaintiff's ADA claim.  The hearing focused on the claim as Plaintiff asserted it.  After concluding that a typewriter in Plaintiff's cell was not a reasonable accommodation under the ADA, the Court "further conclude[d] that Defendants are not violating Title II of the ADA by not giving Plaintiff additional access to the typewriter because Plaintiff has considerable access to a typewriter at the Jail's law library."  (Final Order at 38.)

Plaintiff asserts a final strained argument to support his reconsideration request by argumentatively and conclusorily asserting: "[i]t is disingenuous of this Honorable Court to attempt to use an Orthodox Rabbi brought before it to expound on the depth and expanse of studies and prayer in the Jewish faith as a means to discredit another observant Jew."  (Mot. [43] at 25.)  The Orthodox Rabbi to which Plaintiff refers, Rabbi Douglas Stein, was called by Plaintiff as his expert on

11

Judaism for the Court's consideration of which materials should be available to a person practicing Judaism.  The Court accurately recounted Rabbi Stein's testimony in its Final Order, and the Court used Rabbi Stein's expert testimony in deciding the issues that Plaintiff presented.

The Court finds that Plaintiff did not show any clear error in the Court's August 23, 2013, adjudication of the merits of Plaintiff's claims.  Plaintiff's arguments in his Reconsideration Motion are self-serving, lack any factual foundation and demonstrate Plaintiff's ongoing strategy of challenging decisions that do not favor him.[8]  (See Final Order at 11 n.11 (discussing Plaintiff's "unwillingness to objectively consider the conduct . . . and . . . intentions" of Jail officials).)[9]

---

[8] Plaintiff's Reconsideration Motion also undermines his credibility.  Plaintiff testified at the hearing that it took him two weeks to write by hand a declaration consisting of about twenty-three pages and that such writing caused him great pain.  (Id.)  Yet in less than three weeks after the Court issued its Final Order, Plaintiff handwrote his eighty-page Reconsideration Motion.  (Mot. [43].)

[9] Plaintiff also complains, in his Reconsideration Motion, that the Court "dismisse[d] as fact from the second line of Page 2 of its [Final] Order" that Plaintiff is "legally disabled and qualified."  (Mot. [43] at 9.)  Plaintiff appears to rely on the following quoted citation from the background section of the Final Order: "Plaintiff . . . alleges a failure to accommodate certain physical disabilities from which he claims to suffer."  (Final Order at 2 (emphasis added).)  Plaintiff appears to interpret this Order language as the Court's conclusion that he is not disabled.  Plaintiff ignores that the Court found in the Final Order that "Plaintiff has shown by a preponderance of the evidence that he is a qualified individual with a disability, as that term is defined under Title II [of the ADA]."  (Id. at 34.)

12

The Court does not find any merit in the Reconsideration Motion or any error in the Final Order, and reconsideration is denied. For the reasons stated in the Final Order, the Court further denies Plaintiff's requests for an order directing Jail officials to provide Plaintiff greater access to the library and photocopying.

## IV.  CONCLUSION

Accordingly, and for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration [43] and Motions for Additional Law Library Access [47, 53] are **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Seal Exhibits X and O to his motion for reconsideration [44] is **GRANTED**.

**SO ORDERED** this 21st day of October, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE